**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| John J. Mello,<br><br>  Plaintiff,<br><br>vs.<br><br>Officer Matthew P. Anderson, Officer Robert Perry of the Greenville County Sheriff's Office, Ryan Holloway and W. Walter Wilkins of the Greenville County Solicitor's Office, and Vanessa H. Kormylo,<br>  Defendants. | Case No.:<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

The Plaintiff complaing of the Defendants above-named, alleges as follows:

## **THE PARTIES**

1. Plaintiff John Mello is a citizen and resident of Greenville County, South Carolina.

2. The Defendants Matthew P. Anderson and Robert Perry were employees of the Greenville County Sheriff's Office at the time of the incident at issue and was acting within the course and scope of their employment and under the color of law at all relevant times.

3. The Defendant Ryan Holloway was an employee of the Greenville County Solicitor's Office at the time of the incident at issue and was acting within the course and scope of his employment and under the color of law at all relevant times.

4. Defendant W. Walter Wilkins was an employee and head of the Greenville County Solicitor's Office at the time of the incident at issue and was acting within the course and scope of his employment and under the color of law at all relevant times.

5. Defendant Vanessa H. Kormylo was a court appointed Guardian ad Litem at the time of the incident at issue and was directly involved in the investigation at issue.

6. During the time period in question, the Plaintiff's constitutional rights were well established and well known to each of the Defendants listed above, including but not limited to Plaintiff's right to liberty.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 as Plaintiff asserts causes of action pursuant to 42 U.S.C. § 1983a cause of action pursuant to South Carolina law that arise from the same controversy.

8. The Court has personal jurisdiction over the Defendants in this action as, upon information and belief, Defendants are domiciled in the State of South Carolina, and all actions took place within the State of South Carolina.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the events giving rise to this action occurred in Greenville, South Carolina which is located in this Court's jurisdiction.

## DEMAND FOR JURY TRIAL

10. The Plaintiff demands a jury trial for all claims and issues asserted in this action.

## FACTUAL ALLEGATIONS

11. Plaintiff and Christina Parcell, who were never married, are the parents of one minor child A.M. born in 2012.

12. In October 2015, the plaintiff filed for custody of his daughter. On January 4, 2016 Plaintiff was granted sole custody of the minor child in the Pickens County Family Court**. (See Exhibit A).**

13. Later in 2016, Ms. Parcell filed for visitation, and on August 10, 2016, a visitation Order was granted with a visitation schedule with the minor child and Ms. Parcell, however sole custody remained with the Plaintiff. **(See Exhibit B)**

14. In 2017, Plaintiff filed to revoke Ms. Parcell's visitation due to suspicions of sexual inappropriateness and/or abuse while the minor child was with Ms. Parcell and her then-boyfriend Bradley Post.

15. From 2017 to 2019, Plaintiff continued to try to remove his daughter from having visitations with the mother due to continued allegations of sexual inappropriateness and abuse. He contacted law enforcement and the Department of Social Services regarding his fears for his daughter's safety, but was unsuccessful in retaining any help.

16. On January 28, 2019, Plaintiff and Ms. Parcell agreed on Ms. Parcell's visitation schedule. The Plaintiff was again granted full and exclusive custody of the minor. The agreement was made into a final order in Greenville County Family Court and filed on February 4, 2019. However, Plaintiff continued to suspect that his daughter was in danger while visiting with her mother. **(See Exhibit C)**

17. On or about October 4, 2020, the Plaintiff, who is also a citizen of Italy, moved back to Italy with his daughter due to continued concerns of sexual abuse of his daughter. At the time of the move, Plaintiff had full and exclusive custody of the minor child.

18. On or about October 30, 2020, Ms. Parcell filed a Rule to Show cause alleging the Plaintiff was not following the visitation order from the February 4, 2019 Family Court Order. At the hearing that was held on or about Decembr 16, 2020, without the Plaintiff being present, Ms. Vanessa Kormylo was appointed Guardian ad Litem for the minor child and Plaintiff was found in contempt of the visitation order.

19. On or about April 14, 2021, the minor child was ordered to returned to the US by the Italian Central Authority pending resoultion of the US family court matter. **(See Exhibit D).** This order was eventually overtuned. **(See Exhbit E).**

20. On or about April 19, 2021, an Indictment was issued for Plaintiff on the charges of Custodial Interference and signed by Assistant Solicitor Ryan Holloway of the Greenville County Solicitor's Office and supervised by Greenville County Solicitor W. Walter Wilkins.

21. Neither Officer Matthew P. Anderson, Officer Robert Perry of the Greenville County Sheriff's Office, nor any member of the Greenville Solicitor's Office informed the grand jury that Plaintiff was the minor child's sole custodial parent.

22. On July 21, 2021, an arrest warrant was sought by Greenville County Sheriff's office specifically officers Anderson and Perry.

23. Defendant Vanesa Kormylo instigated the arrest of the Plaintiff by consistently reaching out to Greenville County Sheriff Officers requesting the arrest of the Plaintiff, despite knowing or should have known that Plaintiff's actions did not violate any custodial orders.

24. An arrest warrant was issued for Plaintiff's arrest even though officers Anderson and Perry were aware that Plaintiff was the minor child's sole custodial parent.

25. Officers Anderson and Perry never made the judge issuing the warrant for Plaintiff's arrest aware that he was the custodial parent of the minor child. Mr. Mello was still in Italy at the time the arrest warrant was issued.

26. On October 13, 2021, Christina Parcell was killed.

27. During the investigation of Ms. Parcell's death, photos and other proof substantiated Plaintiff's claims that the minor child was being sexually exploited by her mother and her mother's boyfried Brandly Post.

28. In October of 2021, Bradly Post was arrested for sexual exploitation of a minor and child pornography relating to his and Ms. Parcell's abuse of the minor child.

29. On October 20, 2021, the Plaintiff returned to the United States in order to retrieve the minor child after the death of her mother.

30. On or about November 3, 2021, Zachary Hughes was charged with Murder of Ms. Parcell and his phone was seized in connection with the murder for further investigation.

31. Zachary Hughes's phone was locked with military grade encryption, and it would take the Greenville Sheriff's Office over nine months to unlock it.

32. On October 21, 2021 Plaintiff was arrested for Custodial Interference by Charlotte Police after returning to the states due to the arrest warrant initiated by the Greenville County Sheriff's Office.

33. When the warrant was sought by the Greenville Sheriff's Office, the magistrate was not informed that Plaintiff was the sole custodial parent of the minor child.

34. On October 21, 2021, Plaintiff was wrongfully arrested by officers of the Greenville County Sheriff's Office on charges of custodial interference. This arrest was based on the false premise that Plaintiff violated a custodial order, even though Plaintiff was fully compliant with all existing Family Court Orders regarding Custody. **(See Exhibits A-D).**

35. Officers Anderson and Perry, Solicitor W. Walter Wilkins, and Assistant Solicitor Ryan Holloway, became obsessed with Plaintiff and the idea that he murdered Ms. Parcell.

36. Officers Anderson and Perry in conjuction with the Greenville Solicitor's Office began to use the arrest for custodial intereference—even though Plaintiff was the custodial parent of the minor child—to prevent Plaintiff from returning to Italy.

37. Officers Anderson and Perry in conjuction with the Greenville Solicitor's Office prevented Plaintiff from returning to Italy in the hopes that once Zachary Hughes phone was unlocked, they would have evidence implicating Plaintiff in Ms. Parcell's murder.

38. Zachary hughes's phone was eventually unlocked yielding no evidence that Plaintiff was involved in the death of Ms. Parcell.

39. On September 26, 2022, Defendants were made aware that Plaintiff could not be guilty of custodial interference because Ms. Parcell's was not a custodial parent.

40. Greenville Resident General Session Judge Kinlaw signed an order stating that "Ms. Parcell does not meet the definition or is otherwise exempt from the definition of "legal custodian" as contemplated in S.C. Code § 16-17-495(A)(1)." (**See Exhibit F**)

41. Nonetheless, Defendant's did not terminate the prosecution of Defendant; instead, attempting to appeal Judge Kinlaw's order.

42. After 8 months of additional delay, the South Carolina Attorney General's (the agency who appeals on behalf of the State of South Carolina law enforcement) Office refused to continue the appeal.

43. Nonetheless, Defendant's did not terminate the prosecution of Defendant; instead, proceeding to trial in front of a different General Sessions Judge.

44. On April 16, 2024, Plaintiff was exonerated of all charges by direct verdict stemming from his October 20, 2021, arrest.

45. An order for the destruction of his criminal records stemming from the October 21, 2021, arrest was entered on or about August 19, 2024.

46. Defendant Greenville County Solicitor's Office, upon review of the matter and charges, continued to prosecute against the Plaintiff, failing to present exculpatory evidence to the grand jury showing that Plaintiff was the sole custodial parent at the time of his arrest.

47. The charges were initiated by the Greenville County Sheriff's Office without probable cause, and with malice and were based on false, misleading or insufficient information.

48. Defendants knew or should have known that there was no legitimate basis to arrest or prosecute the Plaintiff, yet they proceeded with the prosecution anyway.

49. As a result of the malicious prosecution, Plaintiff was subjected to arrest, detention, bail conditions and other consequences causing Plaintiff to suffer great emotional distress, humiliation and financial loss.

50. The actions of Defendants were intentional, willful, and in reckless disregard of Plaintiff's rights and were carried out with malice and an intent to harm Plaintiff.

51. As a direct and proximate result of the Defendants' gross negligent, reckless, and unlawful conduct, described above, Plaintiff suffered damages including, but not limited to pain and suffering, emotional damage and any such additional damages as may be revealed during the trial of this matter.

### FOR A FIRST CAUSE OF ACTION AS TO ALL DEFENDANTS
### (Malicious Prosecution and Violation of Federal Civil Rights 42 U.S.C. § 1983; Violation of the 4th and 14th Amendment)

52. The Plaintiff incorporates herein by reference each and every allegations set forth herein above as if repeated verbatim.

53. 42 U.S.C. § 1983 protects against the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by persons acting under the color of law.

54. All Defendants were acting under the color of state law and initiated and continued a malicious prosecution against Plaintiff for custodial interference, despite knowing that Plaintiff was the lawful custodial parent at the time of his arrest.

55. The prosecution was initiated without probable cause and was motivated by malice and with the intent to harm Plaintiff and deprive Plaintiff of his constitutional rights.

56. As a result of Defendants' actions, Plaintiff has suffered damages, including but not limited to emotional distress, loss of reputation, financial harm and deprivation of liberty.

### FOR A SECOND CAUSE OF ACTION - DEFENDANTS ANDERSON AND PERRY
### (False Arrest/False Imprisonment)

57. The Plaintiff incorporates herein by reference each and every allegations set forth herein above as if repeated verbatim.

58. Defendants Matthew P. Anderson and Robert Perry, acting under the color of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments to the United States Constitution by falsely arresting and imposing Plaintiff without probable cause.

59. Defendants Matthew P. Anderson and Robert Perry knew or should have known that Plaintiff was the lawful custodial parent and had committed no crime, yet they willfully and recklessly proceeded with the arrest and imprisonment of Plaintiff.

60. As a direct and proximate result of Defendants' Matthew P. Anderson and Robert Perry's unlawful actions, Plaintiff suffered damages, including but not limited to loss of liberty, emotional distress, humiliation and financial harm.

**WHEREFORE,** Plaintiff John J. Mello prays for judgment against all Defendants for actual, punitive damages, attorney fees and consequential damages for the cost of this action and for such other relief as the Court may deem just and proper.

*s/Monier Abusaft*
Monier Abusaft, Esq. (Fed Bar #13377)
Law Offices of Mo Abusaft
229 Magnolia Street
Spartanburg, SC 29306
T: (864) 606-8941
E: mo@moabusaft.com
Attorney for the Plaintiff

October 20, 2024