STATE OF SOUTH CAROLINA ) IN THE FAMILY COURT
COUNTY OF GREENVILLE ) THIRTEENTH JUDICIAL CIRCUIT

Christina Larain Parcell,
      Plaintiff, ) JUDGMENT IN A
 vs. ) FAMILY COURT CASE
John Joey Mello,
      Defendant. ) Docket No. 2016-DR-23-1573

FILED CLERK OF COURT
GREENVILLE, S.C.
FAMILY COURT

| Submitted by: | Attorney for ☒ Plaintiff   ☐ Defendant |
| --- | --- |
| Reid T. Sherard | or |
| | ☐ Self-Represented Litigant   ☐ GAL |

## DECISION BY COURT (check all that apply)

☒ This action came to trial, hearing or was resolved by consent and an order was rendered.
☐ This action has been dismissed pursuant to   ☐ Rule 12(b), SCRCP   ☐ Rule 41(a), SCRCP
                 ☐ Rule 43(k), SCRCP   ☐ Family Court Benchmark
                 ☐ Other: _____

**IT IS ORDERED AND ADJUDGED:** ☒ See attached order; ☐ Statement of Judgment by the Court: ____

☐ Additional information for Clerk: ____

## ORDER INFORMATION

This is a ☐ Temporary ☒ Final order. If Final, does this order end the case? ☒ Yes ☐ No
Support ☒ is not ordered ☐ is ordered, and it is to be paid ☐ through the court. ☐ directly to the CP.
Case number under which support is paid if different from this one: ____
This order involves the immediate ☐ issuance ☐ dismissal of a bench warrant, or ☒ does not apply.
☐ The following motions are ended by this order (include motion filing date): ____
☐ This order adds or dismisses the following parties to this case:
 ☐ dismiss ☐ add: ____      ☐ dismiss ☐ add: ____

**INFORMATION FOR THE JUDGMENT INDEX/TRANSCRIPT OF JUDGMENT (§ 20-3-670(B)(1))**
Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information to enroll, indicate "N/A" in one of the boxes below.

| Judgment In Favor of (List name(s) below) | Judgment Against (List name(s) below) | Judgment Amount to be Enrolled (List amount(s) below) |
| --- | --- | --- |
| | | $ |
| | | $ |
| | | $ |

If applicable, describe the property, including tax map information and address, referenced in the order: ____

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the South Carolina Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. Note: title abstractors and researchers should refer to the official court order for judgment details.

_____    _____    9/8/16
**Family Court Judge**       **Judge Code**       **Date**

SCRCP Form 4F (12/2011)                               1

FOR CLERK OF COURT OFFICE USE ONLY

This judgment was entered on the 9-8-16 and a copy mailed first class or placed in the appropriate attorney's box on 9-8-16 to attorneys of record or to parties (when appearing pro se) as follows:

CLERK'S USE ONLY
Reid T. Shevard
PO 10084 Greenville 29603
ATTORNEY(S) FOR THE PLAINTIFF(S)

CLERK'S USE ONLY
William D. Fore
PO Box 3852 Greenville 29608
ATTORNEYS FOR THE DEFENDANT(S)

_____
CLERK OF COURT

Court Reporter: _____

Custodial Parent (if applicable): _____

STATE OF SOUTH CAROLINA ) IN THE FAMILY COURT
) THIRTEENTH JUDICIAL CIRCUIT
COUNTY OF GREENVILLE )

FILED CLERK OF COURT
GREENVILLE, S.C.

2016 SEP 2 PM 3 40

FAMILY COURT

Christina Larain Parcell, ) MOTION AND ORDER INFORMATION
Plaintiff, ) FORM AND COVERSHEET
vs. )
)
John Joey Mello, )
Defendant. ) Docket No. 2016-DR-23-1573

| Plaintiff's Attorney: Reid T. Sherard, Bar No. 72536 | Defendant's Attorney: William D. Fore, Bar No. 8637 |
|---|---|
| Address: P.O. Box 10084, Greenville, SC 29603 | Address: P.O. Box 3852 Greenville, SC 29608 |
| Phone: 864-250-2300  Fax 864-250-2328 | Phone: 864-235-9628  Fax: 864-235-9629 |
| E-mail: reid.sherard@nelsonmullins.com Other: | E-mail: wfore5150@aol.com  Other: |

☐ MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)
☐ FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)
☒ PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)

### SECTION I: Hearing Information
Nature of Motion:
Estimated Time Needed:   Court Reporter Needed: ☐ YES/ ☐ NO
Unavailable Dates:

### SECTION II: Motion/Order Type
☐ Written motion attached
☒ Form Motion/Order
   I hereby move for relief or action by the court as set forth in the attached proposed order.

_Reid T. Sherard_                                September 2, 2016
Signature of Attorney for ☒ Plaintiff / ☐ Defendant    Date submitted

### SECTION III: Motion Fee
☐ PAID – AMOUNT: $
☒ EXEMPT:   ☐ Rule to Show Cause in Child or Spousal Support
(check reason)  ☐ Domestic Abuse or Abuse and Neglect
   ☐ Indigent Status   ☐ State Agency v. Indigent Party
   ☐ Sexually Violent Predator Act   ☐ Post-Conviction Relief
   ☐ Motion for Stay in Bankruptcy
   ☐ Motion for Publication   ☐ Motion for Execution (Rule 69, SCRCP)
   ☒ Proposed order submitted at request of the court; or,
      reduced to writing from motion made in open court per judge's instructions
      Name of Court Reporter: _____
   ☐ Other: ____

| JUDGE'S SECTION | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | JUDGE CODE ____  Date: ____ |
| ☐ Other: | Judge Signature: |

### CLERK'S VERIFICATION
Collected by: ____  Date Filed: ____
☐ MOTION FEE COLLECTED: $ ____
☐ CONTESTED – AMOUNT DUE: $ ____

Custodial Parent (if applicable):
SCCA 233F (12/2009)

STATE OF SOUTH CAROLINA ) IN THE FAMILY COURT
) THIRTEENTH JUDICIAL CIRCUIT
COUNTY OF GREENVILLE )
)
Christina Larain Parcell, )
)
        Plaintiff, ) CONSENT FINAL ORDER
)
vs. )
)
John Joey Mello, )
) Docket No.
        Defendant. ) 2016-DR-23-1573

**Plaintiff's Attorney:**
Reid T. Sherard

**Hearing Date:**
August 10, 2016

**Defendant's Attorney:**
William D. Fore

**Judge:**
Rochelle Y. Conits

**Guardian *ad Litem*:**
N/A

**Court Reporter:**
Katherine Tibbs

    This matter is before me pursuant to a Summons and Complaint filed by Christina Larain Parcell ("Mother").

    A final hearing was held before me on August 10, 2016. Present at the hearing were Mother, represented by Reid T. Sherard of the firm Nelson Mullins Riley & Scarborough LLP and Defendant ("Father"), represented by William D. Fore of the Greenville County Bar.

    Father filed a Motion for Continuance on July 6, 2016, which was summarily denied by Judge Alex Kinlaw, Jr. in his capacity as administrative judge. Mother filed a Motion in Limine on July 29, 2016, requesting the Court prohibit introduction of evidence (by way of testimony, document, or otherwise), or reference to, alleged facts occurring prior to the Final Order filed

January 6, 2016 by the Pickens County Family Court in C/A No. 2015-DR-39-1048, which Final Order approved the parties' Agreement entered into on December 7, 2015. The undersigned granted the Motion in Limine.

At the outset of the hearing counsel announced to the Court that the parties had reached an agreement as to all issues. The agreement was presented to the Court for approval.

Based upon the pleadings, testimony, statements by counsel, financial declarations and applicable law, this Court makes the following findings of fact and conclusions of law.

Father is a citizen and resident of Greenville County, South Carolina. Mother is a citizen and resident of Pickens County, South Carolina. The issues raised by the pleadings are within the jurisdiction of this Court, and this Court maintains personal jurisdiction over the parties. Greenville County is the appropriate venue for this civil action as the residence county of the defendant.

Mother and Father were never married. They are the biological parents of A.G.M., born 2012 (age 4). No other children have been born or adopted by the parties, and no other children are currently expected.

The parties were previously litigants in C/A No. 2015-DR-39-1048. On January 6, 2016, the Pickens County Family Court filed an Order in Case Number 2015-DR-39-1048 (the "Final Order") which approved the parties' Agreement entered into on December 7, 2015.

Mother brought this action seeking a declaratory judgment under South Carolina Code § 15-53-100 *et seq.* seeking a declaratory judgment regarding the Final Order or alternatively setting Mother's schedule of time with the minor child along with parenting guidelines and restraining orders, along with attorney's fees and costs. Father counterclaimed to modify the

Final Order with supervised visitation for Mother, requests for child support and attorney's fees and costs, and other relief as more fully set forth in his Answer and Counterclaim. Father's alleged justification for supervised visitation is as follows: claimed erratic behavior by Mother, claimed lack of consistent visitation by Mother, lack of income by Mother, and an alleged incident occurring between Mother and him in July 2016 in the presence of the minor child for which Mother was subsequently arrested for Domestic Violence on August 7, 2016. Nevertheless, Father still wishes to proceed with this Consent Final Order and provide a specific visitation schedule to Mother with the minor child.

Both parties filed financial declarations pursuant to the *South Carolina Family Court Rules*. Mother also has a job at Ingles about which she gave testimony.

Settlements between litigants are encouraged. In determining whether or not to approve a settlement agreement this Court must find (1) the existence of an agreement; (2) the agreement was entered into freely and voluntarily; (3) the agreement is fair and equitable from procedural and substantive perspectives; and (4) the agreement is in the best interest of the minor child.

An agreement clearly exists between these parties. The terms of the Agreement were summarized for this Court at the hearing. In addition, the parties presented this Court this Order containing the exact terms and provisions of the parties' Agreement, and the signatures of the parties, evidencing their consent.

There is no indication that either party was forced or under any duress or coercion at the time they entered the Agreement or at the time the Agreement was presented to the Court for approval. Each party represented he or she entered the Agreement and attended the hearing for

its approval free of any mind-altering or judgment-impairing substances. Therefore, the Agreement was entered into freely and voluntarily.

The parties negotiated and entered the Agreement with benefit and advice of independent experienced counsel.

Substantively, the Agreement reflects a resolution of the legal issues which is within the range of fairness given this Court's experience. The Agreement is the product of compromise and negotiation. Upon review of applicable law, the parties' Agreement is fair and equitable. As the parties directly affected by this Agreement, Father and Mother are in a better position to judge the fairness of it.

Therefore, the Agreement is fair and equitable from both procedural and substantive perspectives.

The provisions of the Agreement with regard to the minor child are fair and reasonable and in the best interest of the minor child.

Both parties indicated their respective ability to comply with the Agreement. The Court specifically questioned Father about this ability to pay the attorney's fees and costs due under this Consent Final Order and Father convinced the Court he will be able to pay the sums due.

The parties' Agreement, identified in this Order should, therefore, be adopted, approved and is hereby incorporated into, merged and made the Order of this Court.

**NOW THEREFORE IT IS ORDERED:**

1. <u>**CHILD PLACEMENT AND PARENTING PLAN**</u>. The Final Order shall be modified such that the parties shall immediately commence following the attached Child Placement and Parenting Plan (W. Marsh Robertson, Family Court Judge), with Mother as the

visiting parent and Father as the custodial parent, with one revision: the placement exchanges shall occur at the Greenville County Law Enforcement Center, 4 McGee Street, unless the parties mutually agree otherwise in writing (email or text OK). Mother shall have the child through Monday, August 15, 2016 at 6:00 p.m. to complete her week visitation under the Temporary Order, and then her first evening under the attached shall be Thursday, August 18, 2016.

2. **ADOPTION; NO OTHER MODIFICATION**. The Final Order is hereby adopted and incorporated herein. There shall be no other modifications to the Final Order other than those detailed in this Consent Final Order.

3. **FEES AND COSTS**. No later than September 24, 2016, Father shall contribute the sum Five Thousand and 00/100 ($5,000.00) Dollars towards Mother's attorneys fees and costs, which payment shall be in good funds made out to "Nelson Mullins Riley & Scarborough LLP" and made through the office of Mother's counsel, located at 104 South Main Street, 9th Floor, Greenville, South Carolina 29601.

**IT IS SO ORDERED.**

_____, South Carolina

_____, 2016

_____
Rochelle Y. Conits
Judge of the Family Court

# CHILD PLACEMENT AND PARENTING PLAN

(W. Marsh Robertson, Family Court Judge)

The child placement schedule and parenting provisions outlined below (the "Plan") shall be legally binding on the parties unless and until modified by subsequent court order. The terms of this Plan are fully incorporated into the Court Order to which this Plan is attached, and shall be enforceable as to both parents through the contempt powers of the Family Court.

## I. CHILD PLACEMENT SCHEDULE

This section sets forth the court-ordered child placement to which the noncustodial/secondary custodial parent ("visiting parent") shall be entitled to exercise at a minimum. The visiting parent and the primary custodial parent ("custodial parent") are free to supplement or deviate from this schedule at any time by mutual consent or agreement. The terms of this section shall therefore be construed as the "default" visitation schedule where no agreement to the contrary exists. Summer Placement and Holiday Placement shall supersede and take precedence over Weekend Placement and Midweek Placement where conflicts arise.

**A. Weekend Placement:** The visiting parent shall have child placement on alternating weekends ("visitation weekends") from 6:00 PM Friday until 6:00 PM Sunday. During the school year, visitation weekends will be extended where applicable by 24 hours to include any Friday or Monday school holiday.

**B. Weekday Placement:** The visiting parent shall have midweek child placement from 5:30 PM until 8:30 PM as follows: (1) each Thursday immediately following a visitation weekend; and (2) each Tuesday immediately following a non-visitation weekend.

**C. Summer Placement:** The visiting parent shall have child placement for four full weeks each summer, to include one week in June, two weeks in July, and one week in August. The visiting parent shall notify the custodial parent by no later than April 15 each year of the selected summer placement weeks. The visiting parent may not in consecutive years select a week that includes Independence Day or a child's birthday.

**D. Holiday Placement**

1. **Christmas:** The visiting parent shall have child placement for one full week during the Christmas school vacation ("Christmas visitation week"). On odd-numbered years, the Christmas visitation week will begin at 2:00 PM Christmas Day. On even-numbered years the Christmas visitation week will end at 2:00 PM Christmas Day. The Christmas school vacation shall be as defined by the school that the child/children attend; or if the child/children do not yet attend school, then by the public school district of the child/children's residence.

1

2. **Thanksgiving:** The visiting parent shall have child placement on odd-numbered years for the extended Thanksgiving weekend from 6:00 PM Wednesday until 6 PM Sunday. The custodial parent shall have this placement on even-numbered years.

3. **Easter Weekend / Spring Break:** The visiting parent shall have child placement on even-numbered years for the entire Spring Break vacation and the weekend that includes Easter Sunday, from 6:00 PM on the day school lets out until 6:00 PM on the day prior to school recommencing. The custodial parent shall have this placement on odd-numbered years. Spring Break vacation shall be as defined by the school that the child/children attend; or if the child/children do not yet attend school, then by the public school district of the child/children's residence.

4. **Mother's Day / Father's Day / Parent Birthdays:** If the child/children are scheduled to be with the other parent, child placement shall nevertheless be with the mother on Mother's Day and with the father on Father's Day from 9:00 AM to 9:00 PM; and with the mother on her birthday and the father on his birthday from 5:30 PM to 8:30 PM.

## II. PARENTING DUTIES, RIGHTS AND RESTRICTIONS

A. **Placement Exchanges:** Absent other arrangements mutually agreed upon by the parents, the visiting parent will pick the child/children up from the home of the custodial parent at the beginning of scheduled visitation, and the custodial parent will pick the child/children up from the home of the visiting parent at the end of scheduled visitation. Both parents will have a duty to ensure that the child/children are available at their respective homes for timely exchanges.

B. **Notice of Unavailability:** The visiting parent shall provide reasonable advance notice to the custodial parent of his or her intention for any reason not to exercise any placement rights available under this schedule.

C. **Telephone Access:** Each parent shall have reasonable, private access to the child/children by telephone while physical child placement is with the other parent.

D. **Access to Records and Activities:** Each parent, whether the custodial or noncustodial parent, has equal access and the same right to obtain all educational records and medical records of their minor children and the right to participate in their children's school activities.

E. **Restraining Order:** While exercising physical child custody or placement, the parents shall be mutually restrained from willfully or negligently (a) engaging in any illegal conduct or activity; (b) subjecting or exposing the child/children to any acts of abuse or neglect; (c) engaging in conduct that endangers the physical or emotional wellbeing of the child/children; and (d) violating any additional restraining orders that may be specified in the court order to which this Plan is attached.

2

STATE OF SOUTH CAROLINA    )    IN THE FAMILY COURT
    )    THIRTEENTH JUDICIAL CIRCUIT
COUNTY OF GREENVILLE    )

Christina Larain Parcell,    )    **SUPPORT INFORMATION SHEET**
    Plaintiff,    )
vs.    )

John Joey Mello,    )
    Defendant.    )    Docket No. <u>2016-DR-23-1573</u>

Check appropriate box:
    ☒ No spousal or child support ordered. (No other items should be completed.)
    ☐ If support is ordered to be paid directly or through the Court, **you must complete BOTH pages** (as applicable).

| Obligation Type | Child Support | Medical Support | Spousal Support |
|---|---|---|---|
| Amount | $ | $ | $ |
| Collection Costs (5%) | $ | $ | $ |
| **Payment Frequency** | | | |
| Payment Start Date | | | |
| Weekly | ☐ | ☐ | ☐ |
| Bi-weekly | ☐ | ☐ | ☐ |
| Monthly | ☐ | ☐ | ☐ |
| Semi-monthly (1st & 16th) | ☐ | ☐ | ☐ |
| Semi-monthly (15th & 30th) | ☐ | ☐ | ☐ |
| **Total Arrearage Amount** | $ | $ | $ |
| **Wage Withholding** | | | |
| Required by S.C. Code Ann. §63-17-1420 | ☐ | ☐ | ☐ |
| Ordered | ☐ | ☐ | ☐ |
| Not Ordered | ☐ | ☐ | ☐ |

Custodial Parent (if applicable): _____

*****OBLIGOR'S DESIGNATION STATEMENT: PAYMENT OF COURT COSTS*****

    I acknowledge that if ordered to pay support through the court, now or in the future, S.C. Code Ann. § 63-3-370, as amended, requires that I pay court collection costs in an amount equal to five (5) percent of any support payment.

    If support is paid through the Court or through a centralized wage withholding system, I designate that an amount equal to five (5) percent of my support payments be applied and distributed in payment of court collection costs, not support. I authorize the deduction of the fee from every payment made by me or on my behalf.

    I acknowledge that should I not pay the full amount due, that an arrearage will accrue and that the Clerk of Court may take enforcement action against me for failure to pay all amounts ordered by the Court.

    If an amendment to the law changes the amount of court collection costs, this designation authorizes deduction of court collection costs in the amount established by law.

Date: _____, 20____

                                                                          Signature of Person paying Support

SCCA 446 (12/2009)

# IDENTIFYING INFORMATION ON THIS PAGE

A. **OBLIGEE/PAID TO:**

Name: _____
Address: _____
City: _____         State: _____ Zip: _____
Email Address: _____    Phone: _____
SSN: _____    Gender: _____ Race: _____ Height: _____ Weight: _____
Date of Birth: _____    Scars: _____
Driver's License Number: _____   Driver's License Issuing State: _____
Employer: _____
Employer Address: _____

B. **OBLIGOR/PAID BY:**

Name: _____
Address: _____
City: _____         State: _____ Zip: _____
Email Address: _____    Phone: _____
SSN: _____    Gender: _____ Race: _____ Height: _____ Weight: _____
Date of Birth: _____    Scars: _____
Driver's License Number: _____   Driver's License Issuing State: _____
Employer: _____
Employer Address: _____

C. **CHILDREN**

| CHILDREN'S NAMES | DATE OF BIRTH | SSN |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |

_____    _____    _____
PREPARED BY              TITLE            DATE

SCCA 446 (12/2009)