STATE OF SOUTH CAROLINA ) IN THE FAMILY COURT
) THIRTEENTH JUDICIAL CIRCUIT
COUNTY OF GREENVILLE )
)
John Joey Mello, )
Plaintiff, ) JUDGMENT IN A
vs. ) FAMILY COURT CASE
Christina Larain Parcell, )
Defendant. ) Docket No.: 17-3369
 2016-DR-23-1573

| Submitted by: | Attorney for ☐ Plaintiff ☒ Defendant |
| Maggi Fields Bailey | or |
| | ☐ Self-Represented Litigant ☐ GAL |

## DECISION BY COURT (check all that apply)

☒ This action came to trial, hearing or was resolved by consent and an order was rendered.

☐ This action has been dismissed pursuant to ☐ Rule 12(b), SCRCP ☐ Rule 41(a), SCRCP
☐ Rule 43(k), SCRCP ☐ Family Court Benchmark
☐ Other: _____

**IT IS ORDERED AND ADJUDGED:** ☒ See attached order; ☐ Statement of Judgment by the Court:
_____

☐ Additional information for Clerk:

## ORDER INFORMATION

This is a ☐ Temporary ☒ Final order. If Final, does this order end the case? ☒ Yes ☐ No

Support ☒ is not ordered ☐ is ordered, and it is to be paid ☐through the court. ☐ directly to the CP.

Case number under which support is paid if different from this one: **Docket No.: 2017-DR-23-03862**

This order involves the immediate☐ issuance ☐dismissal of a bench warrant, or ☐ does not apply.

☒ The following motions are ended by this order (include motion filing date):
  1) RTSC filed by Defendant on November 16, 2018
  2) RTSC filed by Plaintiff on January 15, 2019

☐ This order adds or dismisses the following parties to this case:
  ☐dismiss ☐add:_____   ☐ dismiss ☐add:_____

| INFORMATION FOR THE JUDGMENT INDEX/TRANSCRIPT OF JUDGMENT (§ 20-3-670(B)(1)) Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information to enroll, indicate "N/A" in one of the boxes below. | | |
|---|---|---|
| Judgment In Favor of (List name(s) below) | Judgment Against (List name(s) below) | Judgment Amount to be Enrolled (List amount(s) below) |
| | | $ |
| | | $ |
| | | $ |
| If applicable, describe the property, including tax map information and address, referenced in the order: | | |

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the South Carolina Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. Note: title abstractors and researchers should refer to the official court order for judgment details.

_____     4186     2/1/19
Family Court Judge          Judge Code     Date

SCRCP Form 4F (12/2011)                                    1



STATE OF SOUTH CAROLINA )    IN THE FAMILY COURT
                          )
COUNY OF GREENVILLE       )    THIRTEENTH JUDICIAL CIRCUIT
                          )
                          )
John Joey Mello,          )    FINAL ORDER
                          )
        Plaintiff,        )
                          )
    v.                    )
Christina Larain Parcell, )    Docket No.: 2017-DR-23-3369
                          )
        Defendant.        )
_____ )

DATE OF HEARING:        JANUARY 29, 2019
HEARING JUDGE:          ~~TOMMY T.~~ HODGES
PLAINTIFF'S ATTORNEY:   PRO SE
DEFENDANT'S ATTORNEY:   MAGGI FIELDS BAILEY
GUARDIAN AD LITEM:      BOBBY H. MANN, JR.
COURT REPORTER:         SS CONTRACT FAMILY

THIS MATTER was scheduled before me upon a final hearing in 2017-DR-23-3369 wherein Plaintiff and Defendant were seeking to modify terms of the prior custody order. The matter was also before upon a Rule to Show Cause and Contempt Complaint filed on November 16, 2018 by Christina Larain Parcell, Defendant, alleging violations by John Joey Mello< Plaintiff, concerning Court orders in Docket Numbers 2017-DR-23-3369 and companion case 2016-DR-23-1573 and a Rule to Show Cause filed by Plaintiff alleging violations by Christian Larain Parcell. Christina Larain Parcell was Plaintiff in the 2016-DR-23-1573 action but is now Defendant in the 2017-DR-23-3369 action and is represented by Maggi Fields Bailey. Plaintiff, John Joey Mello, was the Defendant in the 2016-DR-23-1573 action and is appearing pro se at this final hearing. Also present at the hearing was Bobby H. Mann, Jr., guardian *ad litem,* for the minor child.

At the call of the case, the Court reviewed the documents in the Court's file. The Court finds that the case was commenced by the filing of a Summons and Complaint by Plaintiff, John Mello, on July 25, 2017 in 2017-DR-23-3369. The Court finds that Defendant also filed a Summons and Complaint in 2017-DR-23-3144 on July 12, 2017 and her Complaint was

consolidated into Docket Number 2017-DR-23-3369 as an Answer and Counterclaim in the temporary order. A Rule to Show Cause against the Plaintiff was filed by Christina Parcell on November 16, 2018 and served on the Plaintiff on December 3, 2018. A Rule to show Cause against the Defendant was filed by John Joey Mello, on January 15, 2019. The Court finds that Defendant, Christina Larain Parcell, waived the ten-day service requirement so that Rule also could be heard at the final hearing. The Court finds that Defendant acknowledges that she accepted service on January 28, 2019 of the Rule to Show Cause filed on January 15, 2019. The Court finds that it has jurisdiction over the parties and subject matter herein and this matter is properly before the Court.

The Court finds that Defendant/mother had filed a motion to have the Court vacate the administrative dismissal in Docket Number 2017-DR-23-3144 due to clerical error. The Court finds that motion should be granted as the findings of law in the Temporary Order inadvertently omitted the Court's finding that the 2017-DR-23-3144 should be consolidated into the 2017-DR-23-3369 action and Defendant's Complaint in 2017-DR-23-3144 shall serve as her counterclaim in 2017-DR-23-3369. Therefore, I find that the order of dismissal, dated July 17, 2018 in Docket No. 2017-DR-23-3144 should be vacated and the Greenville Clerk of Court shall consolidate that case into the 2017-DR-23-3369 case.

The Plaintiff/father and Defendant/mother have negotiated with each other and reached some additional terms to resolve all of the issues pending in Docket Number 2017-DR-23-3369 including the Rule to the Show Cause filed by Defendant on November 16, 2018, the Rule to Show Cause filed by Plaintiff on January 15, 2019, and the issue of whether the grandmother should have unsupervised contact with the parties' minor child. The agreement, reduced to writing and dated the 28th day of January 2019, is attached and incorporated herein. The terms modifying the written agreement as recited orally to the Court at the hearing are as follow:

1. Either Plaintiff or Defendant is authorized to take the minor child to a counselor if either believes such counseling would be of benefit to the minor child. If either parent elects to take the child to a counselor, the parent electing to do so must notify the other parent within 24 hours of each counseling session. Subject to the counselor's approval, both parents shall be allowed to participate in the counseling.



2. The minor child shall not be at the home of the maternal grandparents until further order of the Court.

3. The minor child shall be allowed to be in the presence of the maternal grandfather only if supervised.

4. The maternal grandmother shall be allowed to be unsupervised with the minor child pursuant to the terms of the written agreement that are also part of this Court order.

5. The Plaintiff dismisses the Rule to Show Cause filed January 15, 2019.

6. The Defendant dismisses her motion to compel SCDSS to release the names of the reporters as the Plaintiff acknowledged in open Court that he had been the reporter on the four prior SCDSS unfounded investigations.

The Court, having heard the oral amendments to the written custody agreement and having reviewed the written agreement, questioned Plaintiff and Defendant concerning the terms and conditions of their agreement. Based upon the answers of Plaintiff and Defendant, the Court finds that the agreements resolving the custody/visitation issues, Rules to Show Cause, and Motion to Compel as presented to the Court are freely and voluntarily entered into, are fair and equitable to both parties, is made with knowledge and understanding, are made with both parties having had the advice of competent legal counsel with whom each is pleased, are made with neither party being under the influence of any substance or condition that would impair their understanding of the agreement, are in the best interests of the minor child, and are fair and reasonable. Considering the statements of the parties and the issues before the Court, I find that the custody agreement and oral terms modifying the agreement should be approved, adopted and made the order of the Court.

The Court finds that Plaintiff and Defendant should each pay one-half of the Guardian *ad litem's* fees within 30 days or on a schedule as agreed upon by the Guardian. After credits for payments made, the Plaintiff/father owes a balance in the amount of $3,466.68 and the Defendant/Mother owes a balance in the amount of $4,766.67 payable to the Law Office of Bobby H. Mann, Jr.

NOW, THEREFORE, IT IS ORDERED AND ADJUDGED THAT:

1) The Order of Dismissal dated July 17, 2018 in Docket No. 2017-DR-23-3144 is hereby vacated and the Greenville County Clerk of Court shall consolidate that case into Docket No. 2017-DR-23-3369.

2) Defendant's Complaint in Docket No. 2017-DR-23-3144 shall serve as her counterclaim in this 2017-DR-23-3369 action.

3) The Custody Agreement dated January 28, 2019, as attached hereto, and the oral amendments as stated above in paragraphs 1. through 6. above are hereby approved, adopted and made the final order of the Court.

4) The Rule to Show Cause filed by Defendant, Christina Larain Parcell, on November 16, 2018 in Docket Number 2017-DR-23-3369 is dismissed.

5) The Rule to Show Cause filed by Plaintiff, John Joey Mello, on January 15, 2019 in Docket Number 2017-DR-23-3369 is dismissed.

6) Plaintiff/father owes the Guardian ad litem, Bobby H. Mann, Jr., the amount of $3,466.68 payable within thirty days or upon a payment schedule agreeable to the Guardian.

7) Defendant/Mother owes the Guardian ad litem, Bobby H. Mann, Jr., the amount of $4,766.67 payable within thirty days or upon a payment schedule agreeable to the Guardian.

8) With regards to the counseling referenced in Paragraph 1 on Page 2, the parties should endeavor to schedule any sessions during their time with the child.

AND IT IS SO ORDERED.

_____
Thomas T. Hodges,
Family Court Judge

February ____, 2019
Greenville, South Carolina

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

)
)   CUSTODY AGREEMENT
)

FILED CLERK OF COURT

2019 FEB -4 P 4: 34

THIS AGREEMENT, made and entered into by and between **John Joey Mello**, hereinafter referred to as "Father," and **Christina Larain Parcell**, hereinafter referred to as "Mother," on this the _____ day of January 2019.

WITNESSETH:

WHEREAS, the Father and Mother hereto are the natural parents of one (1) minor child, namely: A. Mello, born in 2012; and

WHEREAS, the Father has custody of the minor child and the Mother has certain visitation rights pursuant to the Consent Final Order in Docket Number 2016-DR-23-1573, dated September 8, 2016, and

WHEREAS, the Contempt Order, dated February 24, 2017, in Docket Number 2016-DR-23-1573 and the Temporary Orders in Docket Number 2017-DR-23-3369 have modified certain provisions of the Consent Final Order, dated September 8, 2016; and

WHEREAS, the parties are desirous of entering into a Custody Agreement between themselves resolving all issues concerning custody, visitation and support, and consolidating all provisions of custody and visitation into one order as stated in this agreement hereinafter set forth;

NOW, THEREFORE, in consideration of the premises, this written Agreement and the following provisions herein set forth, the parties hereto solemnly agree and bind themselves, their heirs, executors and assigns as follows:

1. The Father shall continue to have full and sole custody and control of the minor child;

2. The Mother shall have Judge Robertson's modified visitation schedule in Section I. Child Placement Schedule. The child placement schedule and parenting provisions outlined below (the "Plan") shall be legally binding on the parties unless and until modified by subsequent court order. The terms of this Plan are fully incorporated into the Court Order to which this Plan is attached and shall be enforceable as to both parents through the contempt powers of the Family Court.

## I. CHILD PLACEMENT SCHEDULE

This section sets forth the court-ordered child placement to which the Mother as the noncustodial parent ("visiting parent") shall be entitled to exercise at a minimum

CLP

JJM

The visiting parent and the primary custodial parent ("custodial parent") are free to supplement or deviate from this schedule at any time by mutual consent or agreement. The terms of this section shall therefore be construed as the "default" visitation schedule where no agreement to the contrary exists. Summer Placement and Holiday Placement shall supersede and take precedence over Weekend Placement and Midweek Placement where conflicts arise.

**A. Weekend Placement:** The visiting parent shall have child placement on alternating weekends beginning February 1, 2019 ("visitation weekends") from 6:30 PM Friday until 6:30 PM Sunday evening. During the school year, visitation weekends for the Mother will be extended where applicable by 24 hours to include any Mondays that school is not in session after February 18, 2019.

**B. Weekday Placement:** The visiting parent shall not have midweek child placement during the school year but shall have alternating Mondays after Father's weekends during the summer for an eight (8) hour period with 24 hour advance notice of the time periods to be given to the custodial parent.

**C. Summer Placement:** The visiting parent shall have child placement for four full weeks each summer, to include one week in June, two weeks in July, and one week in August. The visiting parent shall notify the custodial parent no later than April 15 of the selected summer placement weeks in odd years and by May 1 in even years. Neither parent may elect the weeks that includes Independence Day or the child's birthday in consecutive years. The custodial parent shall also have three (3) weeks of summer visitation which can be consecutive or individual weeks and shall notify the visiting parent no later than April 15 in even years and by May 1 in odd years. The custodial parent shall also have the last week before school starts. Neither parent shall choose the week of July 4th or the week of the child's birthday June 15th in consecutive years.

**D. Holiday Placement**

**1. Christmas:** The custodial parent shall have the child during the first half of Christmas break on odd-numbered years starting at six thirty o'clock (6:30) p.m. the day school lets out and ending at two o'clock (2:00) p.m. Christmas Day and shall have the second half of Christmas break on even-numbered years starting at two o'clock (2:00) p.m. Christmas Day and ending at six thirty o'clock (6:30) p.m. the evening prior to school starting back. The visiting parent shall have the same Christmas holiday visitation with the child except it shall be on the alternating years.

**2. Thanksgiving:** The visiting parent shall have child placement on odd-numbered years for the extended Thanksgiving weekend from six thirty o'clock (6:30) p.m. on the Wednesday before Thanksgiving until six thirty o'clock (6:30) p.m. the following Sunday. The custodial parent shall have this placement on even-numbered years.

**3. Easter Weekend / Spring Break:** The visiting parent shall have child placement on even-numbered years for the entire Spring Break vacation and the weekend that includes Easter Sunday from six thirty o'clock (6:30) p.m. on the day school lets out


CLP

JJM

until six thirty o'clock (6:30) p.m. on the day prior to school recommencing. The custodial parent shall have this placement on odd-numbered years. Spring Break vacation shall be as defined by the school that the child attends; or, if the child/children do not yet attend school, then by the public school district of the child/children's residence.

4. **Mother's Day/Father's Day:** If the child is scheduled to be with the other parent, child placement shall nevertheless be with the Mother on Mother's Day and with the Father on Father's Day from 9:00 AM to 9:00 PM.

5. **Minor child's birthday:** The party not having the child on the child's birthday shall have three (3) hours on a non-school day and two (2) hours on a school day, independent of any activity of the party with whom the child is placed on that day. This visitation shall be at a reasonable time but not to conflict with any activity the primary party having the child on that day may be having for the child. All of the children shall be together on any of their brother's/sister's birthdays.

6. **Parents Birthdays:** On each parent's birthday, the child/children shall be with that parent from eight o'clock (8:00) a.m. until nine o'clock (9:00) p.m. except for school days when the child shall be with that parent from five-thirty o'clock (5:30) p.m. until eight-thirty o'clock (8:30) p.m. (This does not allow for the child to be taken out of school; neither does this require the parent to take time off from work.)

7. **Special Events:** The minor child shall be with the Father or the Mother for non-recurring special family or significant family events, including but not limited to, weddings, graduations, baptisms, or funerals, and the Father or Mother shall not withhold the child from attending said events. Each party shall be allowed to make up any time missed with the child as a result of such events.

**\*\* Holiday and summer placement shall take precedence over the regular child placement schedule. \*\***

## II. PARENTING DUTIES, RIGHTS AND RESTRICTIONS

A. **Placement Exchanges:** All exchanges of the minor child shall continue to be at the Greenville Law Enforcement Center. Upon passing a 5-panel drug panel, either by DSS or privately, Tina Parcell, the maternal aunt, can be used to transport or care for the minor child for the Mother during mother's periods with the minor child when Mother has conflicts that prevent her from picking up or delivering the child during her visitation with the child.

B. **Notice of Unavailability:** The Mother as the visiting parent shall provide reasonable advance notice to the custodial parent of her intention for any reason not to exercise any placement rights available under this schedule and unless an emergency arises Mother shall provide at least 24-hour advance notice to Father via email if she is not going to exercise visitation unless there is a last minute emergency when she shall text Father.

CLP

JJM

C. **Telephone Access:** Each parent shall have reasonable, private access to the child/children by telephone while physical child placement is with the other parent to include at least one every other day phone call by either parent. Both parents shall make the child available at 7:00 p.m.

D. **Access to Records and Activities:** Each parent, whether the custodial or noncustodial parent, has equal access and the same right to obtain all educational records and medical records of their minor children and the right to participate in their child's school and extracurricular activities.

E. **Restraining Orders:** While exercising physical child custody or placement, the parents shall be mutually restrained from willfully or negligently (a) engaging in any illegal conduct or activity; (b) subjecting or exposing the child/children to any acts of abuse or neglect; (c) engaging in conduct that endangers the physical or emotional wellbeing of the child/children; (d) neither Father or Mother shall post negative or demeaning comments, addresses, or other personal information about the other party on any social media and shall remove any such negative posts; (e) Father and Mother shall be mutually restrained and enjoined from harassing, following, interfering with, or threatening the other at any place or time, including contacting the employer of the other party; (f) Father and Mother shall not make negative comments about each other in the presence of the minor child or where the minor child could over hear such comments; (g) Father and Mother shall both encourage the minor child to have a positive relationship with the other parent; no party shall use any illegal drugs or excessive alcohol when the child is in their care.

F. First right of refusal shall not apply to Mother's Saturday morning work period or summer weeks if Mother places the child in an enriching summer camp. Father must approve camps in advance of enrollment. Father shall be listed as an emergency contact for all summer camps. For other times, Father shall have the first right of refusal to care for the child if mother is going to be away from the child for more than three (3) hours during times of visitation. If any emergency arises, each parent will text the other immediately or as soon as possible.

G. Both parents shall use babysitters that are of suitable age and that do not have any history of any criminal records or illegal prescription or illegal drug abuse.

H. The issue of the restraint preventing the minor child having contact with maternal grandparents shall be presented to the court for a decision.

## III. Information Sharing: Sharing & Exchange

### A. Medical/Dental Guidelines:

1. Mother is hereby given full authorization to obtain any information concerning any medical, dental, counseling or other records pertaining to the minor child.

2. Parents shall promptly inform the other parent of any illness which will require medical attention for the minor child.

### B. School Guidelines:

CLP

JJM

1. Mother shall have access to the school website or school's portal to obtain information pertaining to the minor child's school data and school functions. It shall be each parent's responsibility to join the site and access information directly. Neither parent shall be required to communicate information otherwise.

2. The custodial parent shall have the sole right to enroll the minor child in school and shall take the necessary steps with school authorities to:

   a. list the mother as the child's non-custodial parent; and
   b. authorize the release of child's information to the mother.

3. Both parents shall be listed with the school authorities to be contacted in the event of an emergency.

## C. Activities Guidelines:

1. Information pertaining to the minor child's extracurricular activities shall be shared with the other parent, to include schedules and dates of events.

2. Either parent may attend any school or extracurricular activity in which the minor child participates.

## D. Access to Records/Exchange of Information:

1. Both parents should be entitled to full and complete access to all information pertaining to the child. This right shall include, but not be limited to, all reports and information concerning the child's health, education, extracurricular activities, and all other matters of similar importance. Each parent shall have complete access to all medical providers, school records, school personnel, coaches, counselors, and other professionals and have the right to discuss the child's circumstances and needs with any such person, but this provision shall not be construed to undermine the custodial or primary custodial parent's legal authority to make appropriate decisions on behalf of the child.

2. Both parents shall notify the other parent in a timely manner of any reasonably important even in the child's life, including but not limited to, school functions, church functions, sporting events, medical emergencies, etc., and both parents shall have the right to attend any such events.

## IV. CHILD SUPPORT

The Mother shall continue to pay child support and medical support pursuant to the Final Order filed October 31, 2017 in Docket Number 2017-DR-23-03862.

## V. ATTORNEYS FEES

Each party shall pay attorney's fees and costs as previously ordered and shall each pay their

CLP

JJM

own remaining attorney's fees and costs. The payment schedule for the Mother to pay fees awarded to the office of Alex Kornfeld has been addressed by separate order. The payment schedule for the Father to pay the past due fees for the Mother will be agreed upon through the office of Reid Sherard by separate order and the pending Rule to Show Cause in 2016-DR-23-1573 filed by Mother dismissed as to the attorney's fees issue only. The remaining allegations in the Rule to Show Cause 2017-DR-23-3369 filed 11-16-2018 against the Father shall be dismissed without prejudice; however, those allegations shall only be revived if the same allegations occur after the date of this agreement.

## VI. GUARDIAN AT LITEM FEES

Each party shall pay one-half of the Guardian *ad litem's* fees to Bobby H. Mann, Jr. within 30 days or upon a payment schedule agreed to by the Guardian.

## VII. ACKNOWLEDGEMENT:

The Mother and Father acknowledge and agree that they have negotiated with each other at arms length, and that this Agreement has been arrived at freely and voluntarily between themselves and that the same is not the product of any coercion, force, undue influence, overreaching or any other improper conducted exercised by one upon the other; neither is under any condition or substance that would affect his or her ability to understand this agreement; both are giving up the right to a trial; both parties are represented by attorneys with whom they are pleased; both understand that willful failure to abide by this agreement when made a court order could result in contempt of court sanctions; both believe this agreement is in the best interests of the minor child; both are giving up their right to a trial in this matter. Therefore, both parties desire for the court to approve this Custody Agreement and incorporate it into the final order in this matter.

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Mother hereto has set her hand and seal the ___28___ day of January 2019.

WITNESSES:

_____
Witness

_____
Witness

_____
Christina Larain Parcell, Mother

Page 6 of 7

CLP

JJM

IN WITNESS WHEREOF, and intending to be legally bound hereby, the Father hereto has set his hand and seal the ___28___ day of January 2019.

WITNESSES:

_____
Witness

_____
Witness

_____
John Joey Mello, Father

_____
CLP

JJM