IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| John J. Mello,<br><br>    Plaintiff,<br><br>v.<br><br>Officer Matthew P. Anderson, Offer Robert Perry of the Greenville County Sheriff's Office, and Vanessa H. Kormylo,<br><br>    Defendants. | Case No.: 6:24-cv-05964-JDA-KFM<br><br>**DEFENDANT VANESSA H. KORMYLO'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Defendant Vanessa H. Kormylo ("Defendant"), by and through her undersigned counsel, hereby answers Plaintiff's Amended Complaint as follows:

1. Defendant denies each and every allegation unless specifically admitted herein.

2. Defendant lacks information and knowledge sufficient to form a belief as to the veracity of the allegations contained in Paragraphs 1 and 2 of Plaintiff's Amended Complaint, and therefore denies the same.

3. In responding to the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint, Defendant admits that she was a court appointed guardian ad litem. The remainder of the allegations contained in Paragraph 3 of Plaintiff's Amended Complaint are denied.

4. Paragraphs 4, 5, 6, and 7 of Plaintiff's Amended Complaint contain legal conclusions to which no response is required. To the extent these Paragraphs imply liability on Defendant, those allegations are denied.

5. Defendant is not required to answer the demand for a jury trial contained in Paragraph 8 of Plaintiff's Amended Complaint.

1

6. Defendant lacks information and knowledge sufficient to form a belief as to the veracity of the allegations contained in Paragraphs 9, 10, 11, 12, 13, 14, and 15 of Plaintiff's Amended Complaint, and therefore denies the same. To the extent Paragraphs 9, 10, 11, 12, 13, 14, and 15 of Plaintiff's Amended Complaint reference certain Court Orders and filings, Defendant refers the parties and the Cour to the Court Orders and filings for a true and accurate reading.

7. Responding to Paragraph 16 of Plaintiff's Amended Complaint, Defendant admits she was appointed guardian ad litem for the minor child.

8. Defendant lacks information and knowledge sufficient to form a belief as to the veracity of the allegations contained in Paragraphs 17, 18, 19, and 20 of Plaintiff's Amended Complaint, and therefore denies the same. To the extent Paragraphs 17, 18, 19, and 20 of Plaintiff's Amended Complaint reference certain Court Orders and filings, Defendant refers the parties and the Court to the Court Orders and filings for a true and accurate reading.

9. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

10. Paragraph 22 of Plaintiff's Amended Complaint references a certain arrest warrant. Defendant refers the parties and the Court to the subject arrest warrant for a true and accurate reading. Defendant lacks information and knowledge sufficient to form a belief as to the veracity of the remainder of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint, and therefore denies the same.

11. Defendant lacks information and knowledge sufficient to form a belief as to the veracity of the allegations contained in Paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, and 36 of Plaintiff's Amended Complaint, and therefore denies the same.

12. Defendant denies the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint as to this Defendant.

13. Paragraph 38 of Plaintiff's Amended Complaint references a certain Court Order. Defendant refers the parties and the Court to the subject Court Order for a true and accurate reading. To the extent Paragraph 38 of Plaintiff's Amended Complaint implies liability on Defendant, those allegations are denied.

14. Defendant denies the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint as to this Defendant.

15. Defendant lacks information and knowledge sufficient to form a belief as to the veracity of the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint, and therefore denies the same.

16. Defendant denies the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint as to this Defendant.

17. Paragraphs 42 and 43 of Plaintiff's Amended Complaint reference certain Court Orders. Defendant refers the parties and the Court to the subject Court Orders for a true and accurate reading. To the extent the allegations contained in Paragraphs 42 and 43 of Plaintiff's Amended Complaint imply liability on Defendant, those allegations are denied.

18. Defendant lacks information and knowledge sufficient to form a belief as to the allegations contained in Paragraphs 44 and 45 of Plaintiff's Amended Complaint, and therefore denies the same.

19. Defendant denies the allegations of Paragraphs 46, 47, 48, and 49 of Plaintiff's Amended Complaint.

20. In responding to the allegations contained in Paragraph 50 of Plaintiff's Amended Complaint, Defendant repeats and realleges every preceding paragraph of this Answer as if restated verbatim herein.

21. Paragraph 51 of Plaintiff's Amended Complaint contains legal conclusions to which no response is required.

22. Defendant denies Paragraphs 52, 53, and 54 of Plaintiff's Amended Complaint.

23. In responding to the allegations contained in Paragraph 55 of Plaintiff's Amended Complaint, Defendant repeats and realleges every preceding paragraph of this Answer as if restated verbatim herein.

24. The allegations contained in Paragraphs 56, 57, and 58 of Plaintiff's Amended Complaint are not directed at this Defendant. To the extent Paragraphs 56, 57, and 58 of Plaintiff's Amended Complaint imply liability on Defendant, those allegations are denied.

25. Defendant denies that Plaintiff is entitled to the relief sought in the WHEREFORE paragraph.

**FURTHER RESPONDING TO THE AMENDED COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO**:

26. Plaintiff's Amended Complaint fails to state facts sufficient to constitute a cause of action for which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FURTHER RESPONDING TO THE AMENDED COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

27. Defendant is immune to liability for the acts and omissions alleged by Plaintiff under South Carolina and Federal law.

**FURTHER RESPONDING TO THE AMENDED COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

28. Plaintiff's claims against Defendant are barred to the extent relief is obtainable through other avenues and/or to the extent Plaintiff failed to pursue, waived, or failed to exhaust available remedies.

**FURTHER RESPONDING TO THE AMENDED COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

29. Plaintiff's Amended Complaint fails to state a claim upon which attorney's fees can be awarded or allege facts which, if proven, would entitle Plaintiff to an award of attorney's fees.

**FURTHER RESPONDING TO THE AMENDED COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

30. Plaintiff's claims against Defendant are barred to the extent their damages, if any, were caused by the superseding negligence, bad faith, or intentional acts of others.

**FURTHER RESPONDING TO THE AMENDED COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

31. Plaintiff's Complaint fails to state a claim upon which punitive damages can be awarded or allege facts which, if proven, would entitle Plaintiff to an award of punitive damages.

**FURTHER RESPONDING TO THE AMENDED COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

32. Any award of punitive or exemplary damages in this action would be in violation of the rights of Defendant under the United States Constitution and the Constitution of the State of South Carolina.

**FURTHER RESPONDING TO THE AMENDED COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

33. Defendant is not a state actor.

**FURTHER RESPONDING TO THE AMENDED COMPLAINT
AND AS AN AFFIRMATIVE DEFENSE THERETO:**

34. Defendant cannot be held vicariously liable for the acts of third persons who are not the agents, servants, and/or employees of Defendant.

### FURTHER RESPONDING TO THE AMENDED COMPLAINT AND AS AN AFFIRMATIVE DEFENSE THERETO:

35. Defendant reserves any additional and further defenses that may be revealed by information obtained during the course of investigation and discovery as consistent with the Federal Rules of Civil Procedure.

This 20th day of November, 2024.

Respectfully submitted,

EARHART OVERSTREET, LLC

By: *s/ David W. Overstreet*

DAVID W. OVERSTREET
Federal Bar No.: 7363
David@earhartoverstree.com

MAXWELL J. SEFERIAN
Federal Bar No.: 14060
Max@earhartoverstreet.com

*Attorneys for Defendant Vanessa H. Kormylo*

P.O. Box 22528
Charleston, SC 29413
(843) 972-9400