**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION
Case Number: 6:24-cv-05964-JDA-KFM**

| | |
|---|---|
| John J. Mello,<br><br>                              Plaintiff,<br><br>vs.<br><br>Officer Matthew P. Anderson, Officer Robert Perry of the Greenville County Sheriff's Office, and Vanessa H. Kormylo,<br><br>                              Defendants. | **DEFENDANTS MATTHEW P. ANDERSON AND ROBERT PERRY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

These Defendants, Officer Matthew P. Anderson and Officer Robert Perry, above-named, answering the Amended Complaint of the Plaintiff herein, would respectfully show unto this Honorable Court that:

### FOR A FIRST DEFENSE

1.    These Defendants admit the allegations contained in Paragraph One of the Plaintiff's Amended Complaint.

2.    These Defendants admit the allegations contained in Paragraph Two of the Plaintiff's Amended Complaint.

3.    In as much as the allegations contained in Paragraph Three of the Plaintiff's Amended Complaint are directed at a Defendant other than these Defendants, these Defendants neither admit nor deny same but demand strict proof thereof.

4.    In as much as the allegations contained in Paragraph Four of the Plaintiff's Amended Complaint state legal conclusions, these Defendants neither admit nor deny same but demand strict proof thereof.

5.    In as much as the allegations contained in Paragraph Five of the Plaintiff's

Amended Complaint relate to jurisdiction, these Defendants neither admit nor deny same but demand strict proof thereof.

6.     In as much as the allegations contained in Paragraph Six of the Plaintiff's Amended Complaint address personal jurisdiction of these Defendants, these Defendants neither admit nor deny same but demand strict proof thereof.

7.     In as much as the allegations contained in Paragraph Seven of the Plaintiff's Amended Complaint address venue, these Defendants neither admit nor deny same but demand strict proof thereof.

8.     As to the allegations contained in Paragraph Eight of the Plaintiff's Amended Complaint, these Defendants request a jury trial on all issues asserted in this action.

9.     Upon information and belief, this Defendant admits the allegations contained in Paragraph Nine of the Plaintiff's Amended Complaint.

10.    In as much as the allegations contained in Paragraph Ten of the Plaintiff's Amended Complaint relate to documents and/or filings with the Courts of South Carolina, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that those documents and filings speak for themselves and is the best evidence of their contents.

11.    In as much as the allegations contained in Paragraph Eleven of the Plaintiff's Amended Complaint relate to documents and/or filings with the Courts of South Carolina, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that those documents and filings speak for themselves and is the best evidence of their contents.

12.    In as much as the allegations contained in Paragraph Twelve of the Plaintiff's

Amended Complaint relate to documents and/or filings with the Courts of South Carolina, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that those documents and filings speak for themselves and is the best evidence of their contents.

13.     These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Nine of the Plaintiff's Amended Complaint, therefore denies same.

14.     In as much as the allegations contained in Paragraph Fourteen of the Plaintiff's Amended Complaint relate to documents and/or filings with the Courts of South Carolina, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that those documents and filings speak for themselves and is the best evidence of their contents.

15.     As to the allegations contained in Paragraph Fifteen of the Plaintiff's Amended Complaint, this Defendant specifically admits that in the Fall of 2020, the Plaintiff left the country with his daughter presumably to Italy; however, this Defendant lacks sufficient knowledge and information to form a belief as to the remaining allegations contained in Paragraph Fifteen of the Plaintiff's Amended Complaint therefore denies same.

16.     In as much as the allegations contained in Paragraph Sixteen of the Plaintiff's Amended Complaint relate to documents and/or filings with the Courts of South Carolina, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that those documents and filings speak for themselves and is the best evidence of their contents.

17.     In as much as the allegations contained in Paragraph Seventeen of the Plaintiff's Amended Complaint relate to documents and/or filings with the Courts of South Carolina, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that those documents and filings speak for themselves and is the best evidence of their contents.

18.     These Defendants admit the allegations contained in Paragraph Eighteen of the Plaintiff's Amended Complaint.

19.     This Defendant lacks sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Nineteen of the Plaintiff's Amended Complaint therefore denies same.

20.     In as much as the allegations contained in Paragraph Twenty of the Plaintiff's Amended Complaint relate to documents and/or filings with the Courts of South Carolina, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that those documents and filings speak for themselves and is the best evidence of their contents.

21.     These Defendants deny the allegations contained in Paragraph Twenty-One of the Plaintiff's Amended Complaint.

22.     In as much as the allegations contained in Paragraph Twenty-Two of the Plaintiff's Amended Complaint relate to documents and/or filings with the Courts of South Carolina, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that those documents and filings speak for themselves and is the best evidence of their contents.

23.     These Defendants deny the allegations contained in Paragraph Twenty-Three of the

Plaintiff's Amended Complaint.

24. These Defendants admit the allegations contained in Paragraph Twenty-Four of the Plaintiff's Amended Complaint.

25. These Defendants admit the allegations contained in Paragraph Twenty-Five of the Plaintiff's Amended Complaint.

26. These Defendants admit the allegations contained in Paragraph Twenty-Six of the Plaintiff's Amended Complaint.

27. These Defendants lack sufficient knowledge and information as to the allegations contained in Paragraph Twenty-Seven of the Plaintiff's Amended Complaint therefore deny same.

28. These Defendants admit the allegations contained in Paragraph Twenty-Eight of the Plaintiff's Amended Complaint.

29. As to the allegations contained in Paragraph Twenty-Nine of the Plaintiff's Amended Complaint, these Defendants specifically admit that Zachary Hughes's phone was locked with encryptions; however, these Defendants deny the remaining allegations contained in Paragraph Twenty-Nine of the Plaintiff's Amended Complaint which are in addition to or inconsistent with these admissions.

30. Upon information and belief, these Defendants admit the allegations contained in Paragraph Thirty of the Plaintiff's Amended Complaint.

31. These Defendants deny the allegations contained in Paragraph Thirty-One of the Plaintiff's Amended Complaint.

32. In as much as the allegations contained in Paragraph Thirty-Two of the Plaintiff's Amended Complaint relate to documents and/or filings with the Courts of South

Carolina, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that those documents and filings speak for themselves and is the best evidence of their contents.

33. These Defendants deny the allegations contained in Paragraph Thirty-Three of the Plaintiff's Amended Complaint.

34. These Defendants deny the allegations contained in Paragraph Thirty-Four of the Plaintiff's Amended Complaint.

35. These Defendants deny the allegations contained in Paragraph Thirty-Five of the Plaintiff's Amended Complaint.

36. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Thirty-Six of the Plaintiff's Amended Complaint therefore deny same.

37. These Defendants deny the allegations contained in Paragraph Thirty-Seven of the Plaintiff's Amended Complaint.

38. In as much as the allegations contained in Paragraph Thirty-Eight of the Plaintiff's Amended Complaint relate to documents and/or filings with the Courts of South Carolina, these Defendants neither admit nor deny same but demand strict proof thereof. Further, these Defendants assert that those documents and filings speak for themselves and is the best evidence of their contents.

39. These Defendants deny the allegations contained in Paragraph Thirty-Nine of the Plaintiff's Amended Complaint.

40. These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty of the Plaintiff's Amended Complaint

therefore deny same.

41.    These Defendants deny the allegations contained in Paragraph Forty-One of the Plaintiff's Amended Complaint.

42.    These Defendants deny the allegations contained in Paragraph Forty-Two of the Plaintiff's Amended Complaint.

43.    These Defendants lack sufficient knowledge and information to form a belief as to the allegations contained in Paragraph Forty-Three of the Plaintiff's Amended Complaint therefore deny same.

44.    These Defendants deny the allegations contained in Paragraph Forty-Four of the Plaintiff's Amended Complaint.

45.    These Defendants deny the allegations contained in Paragraph Forty-Five of the Plaintiff's Amended Complaint.

46.    These Defendants deny the allegations contained in Paragraph Forty-Six of the Plaintiff's Amended Complaint.

47.    These Defendants deny the allegations contained in Paragraph Forty-Seven of the Plaintiff's Amended Complaint.

48.    These Defendants deny the allegations contained in Paragraph Forty-Eight of the Plaintiff's Amended Complaint.

49.    These Defendants deny the allegations contained in Paragraph Forty-Nine of the Plaintiff's Amended Complaint.

50.    These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

51.    In as much as the allegations contained in Paragraph Fifty-One of the Plaintiff's

Amended Complaint state conclusions of law, these Defendants neither admit nor deny same but demand strict proof thereof.

52.     These Defendants deny the allegations contained in Paragraph Fifty-Two of the Plaintiff's Amended Complaint.

53.     These Defendants deny the allegations contained in Paragraph Firty-Three of the Plaintiff's Amended Complaint.

54.     These Defendants deny the allegations contained in Paragraph Fifty-Four of the Plaintiff's Amended Complaint.

55.     These Defendants reallege and reiterate each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

56.     These Defendants deny the allegations contained in Paragraph Fifty-Six of the Plaintiff's Amended Complaint.

57.     These Defendants deny the allegations contained in Paragraph Fifty-Seven of the Plaintiff's Amended Complaint.

58.     These Defendants deny the allegations contained in Paragraph Fifty-Eight of the Plaintiff's Amended Complaint.

## FOR A SECOND DEFENSE

59.     These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

60.     These Defendants allege that the Complaint of the Plaintiff fails to state a claim against them and, therefore the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOR A THIRD DEFENSE

61.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

62.    These Defendants hereby assert that they are entitled to qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982), and therefore, the Plaintiff's Complaint should be dismissed.

## FOR A FOURTH DEFENSE

63.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

64.    These Defendants are not "persons" for purposes of liability under 42 U.S.C. § 1983, and therefore the Plaintiff's Complaint should be dismissed.

## FOR A FIFTH DEFENSE

65.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

66.    The Plaintiff's arrest was based on probable cause, therefore, Plaintiff's Complaint should be dismissed.

## FOR A SIXTH DEFENSE

67.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

68.    These Defendants would show that in regard to the allegations of wrongdoing in their official capacity, such actions were taken in good faith, within the scope of their official duties, which good faith is a bar to one or more of the Plaintiff's causes

of action against these Defendants. Therefore, the Plaintiff's Complaint should be dismissed.

## FOR A SEVENTH DEFENSE

69.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

70.    These Defendants assert absolute immunity as an affirmative defense therefore, the Plaintiff's Complaint should be dismissed.

## FOR AN EIGHTH DEFENSE

71.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

72.    These Defendants assert as an affirmative defense the Public Duty Rule under South Carolina law.

## FOR A NINTH DEFENSE

73.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

74.    These Defendants have not been properly served with the pleadings and  therefore, these Defendants assert all rights pursuant to Rule 12(b)(2), (4), and (5) of the Federal Rules of Civil Procedure, and requests that the Plaintiff's Complaint be dismissed.

## FOR A TENTH DEFENSE

75.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

76.    These Defendants allege that the Plaintiff's Complaint fails to state facts sufficient to

constitute a cause of action against them since the Plaintiff failed to timely file and serve the Summons and Complaint within the applicable statute of limitations.

<b><u>FOR AN ELEVENTH DEFENSE</u></b>

77.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

78.    These Defendants assert all rights and defenses under §15-78-30 (f) & (g) of the South Carolina Code of Laws; therefore, the Plaintiff's Complaint should be dismissed.

<b><u>FOR A TWELFTH DEFENSE</u></b>

79.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

80.    These Defendants assert all rights and defenses under §15-78-60; including but not limited to subsections, 1, 2, 3, 4, 5, 17, 19, and 25, of the South Carolina Code of Laws therefore the Plaintiff's Complaint should be dismissed.

<b><u>FOR A THIRTEENTH DEFENSE</u></b>

81.    These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

82.    These Defendants assert all defenses and immunities pursuant to §15-78-70 and §15-78-200 of the South Carolina Code of Laws; therefore, Plaintiff's Complaint should be dismissed.

## FOR A FOURTEENTH DEFENSE

83.     These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

84.     These Defendants assert all rights and defenses under §15-78-100 of the South Carolina Code of Laws; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A FIFTEENTH DEFENSE

85.     These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

86.     These Defendants assert all defenses and immunities pursuant to §15-78-110 of the South Carolina Code of Laws and, therefore, the Plaintiff's Complaint should be dismissed.

## FOR A SIXTEENTH DEFENSE

87.     These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

88.     These Defendants assert all rights and defenses under §15-78-120 of the South Carolina Code of Laws; including, but not limited to, the limitation on damages and prohibition against punitive damages; therefore, the Plaintiff's Complaint should be dismissed.

## FOR A SEVENTEENTH DEFENSE

89.     These Defendants adopt and reallege each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

90.     These Defendants assert any other right, immunity or defense under the South

Carolina Tort Claims Act (§ 15-78-10 et seq. of the South Carolina Code of Laws) which was not previously raised herein as an affirmative defense to the Plaintiff's Complaint; therefore, the Plaintiff's Complaint should be dismissed.

WHEREFORE, these Defendants, above-named, having answered the Complaint of the Plaintiff herein, respectfully requests the Court to dismiss the Plaintiff's Amended Complaint, for costs in this action, and for such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

*s/Charles F. Turner, Jr.*_____
Charles F. Turner, Jr. (Fed. I.D. 05849)
WILLSON JONES CARTER & BAXLEY, P.A.
325 Rocky Slope Road, Suite 201
Greenville, SC 29607
Telephone: (864) 672-3711
Facsimile: (864) 373-7055
Email: cfturner@wjcblaw.com
**ATTORNEY FOR DEFENDANTS MATTHEW P. ANDERSON AND ROBERT PERRY**

Greenville, South Carolina
November 20, 2024