IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John J. Mello,<br><br>     Plaintiff,<br><br> vs.<br><br>Officer Matthew P. Anderson,<br>Officer Robert Perry, and<br>Vanessa H. Kormylo,<br><br>     Defendants. | Civil Action No. 6:24-cv-5964-DCC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

This matter is before the court on the motion of defendant Vanessa H. Kormylo to dismiss the amended complaint with prejudice for failure to state a claim against her pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 7). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district court.

## I. FACTUAL ALLEGATIONS

This case arises out of a custody dispute between the plaintiff and the late Christina Parcell, mother of the plaintiff's minor daughter, A.M. ("the Minor") (doc. 5, amend. compl. ¶ 9). In his amended complaint, the plaintiff, who is represented by counsel, alleges that in October 2015, he filed for custody of his daughter, and, on January 4, 2016, was granted sole custody of the Minor in the Pickens County Family Court (*id.* ¶ 10; doc. 1-1). He further alleges that later in 2016, Parcell filed for visitation, and on August 10, 2016, a visitation order was granted with a visitation schedule for Parcell with the Minor; however, sole custody remained with the plaintiff (doc. 5, amend. compl. ¶ 11; doc. 1-2). In 2017, the plaintiff filed to revoke Parcell's visitation due to suspicions of sexual inappropriateness and/or abuse while the Minor was with Parcell and her then-boyfriend Bradley Post (doc.

5, amend. compl. ¶ 12). The plaintiff contends that from 2017 to 2019 he continued to try to remove the Minor from having visitations with Parcell, but, on January 28, 2019, he and Parcell agreed on Parcell's visitation schedule (*id.* ¶¶ 13–14). The plaintiff was again granted full and exclusive custody of the Minor, and the agreement was made into a final order in Greenville County Family Court and filed on February 4, 2019 (*id.* ¶ 14; doc. 1-3).

The plaintiff alleges that on or about October 4, 2020, he moved back to Italy[1] with the Minor due to continued concerns of sexual abuse of his daughter, and at the time of the move, he had full and exclusive custody of the Minor (doc. 5, amend. compl. ¶ 15). On or about October 30, 2020, Parcell filed a rule to show cause alleging the plaintiff was not following the visitation order filed on February 4, 2019 (*id.* ¶ 16). The plaintiff alleges that at the hearing that was held on or about December 16, 2020, without the plaintiff being present, defendant Kormylo was appointed guardian ad litem for the Minor and the plaintiff was found in contempt of the visitation order (*id.*).

The plaintiff alleges that on or about April 14, 2021, the Italian Central Authority ordered the Minor returned to the United States pending resolution of the United States family court matter (doc. 5, amend. compl. ¶ 17; doc. 1–4). He further alleges that this order was eventually overturned (doc. 5, amend. compl. ¶ 15; doc. 1–5). On or about April 19, 2021, the plaintiff was indicted by the State of South Carolina on charges of custodial interference, and on July 21, 2021, the Greenville County Sheriff's Office ("GCSO") sought an arrest warrant (doc. 5, amend. compl. ¶¶ 18, 20).

On October 13, 2021, Parcell was killed, and the plaintiff became a suspect in the GCSO's investigation into her death (doc. 5, amend. compl. ¶¶ 24, 35). The plaintiff alleges that the GCSO arrested him on October 21, 2021, on charges of custodial interference (*id.* ¶ 32). The plaintiff believes that these charges were brought as a pretext for keeping him in the United States while the police sought evidence that connected him to Parcell's alleged murder (*id.* ¶¶ 33–35). After a directed verdict on the custodial

---

[1] The plaintiff states that he "is also a citizen of Italy" (doc. 5, amend. compl. ¶ 15).

2

interference charges on April 16, 2024, the plaintiff brought this action in which he alleges that defendants Officer Matthew P. Anderson and Officer Robert Perry, as employees of the GCSO, brought the custodial interference charges without probable cause (*id.* ¶¶ 42, 45, 50-58). The plaintiff also alleges that defendant Kormylo, the guardian ad litem for the Minor, instigated the plaintiff's arrest by consistently reaching out to GCSO employees and requesting his arrest, despite knowing the plaintiff did not violate any custodial orders (*id.* ¶ 21). The plaintiff alleges one cause of action against defendant Kormylo for "Malicious Prosecution and Violation of Federal Civil Rights 42 U.S.C. § 1983; Violation of the 4th and 14th Amendment[s]" (*id.* ¶ 50–54).

On November 20, 2021, defendant Kormylo filed the instant motion to dismiss the cause of action against her by arguing, *inter alia*, that she is not a state actor under § 1983 (doc. 7 at 3–6). Defendant Kormylo attached a Greenville County Family Court order to her motion (doc. 7-1). The plaintiff filed a response and attached emails between defendant Kormylo and the GCSO to his filing (doc. 12, 12-1). Accordingly, this motion is ripe for review.

## II. APPLICABLE LAW AND ANALYSIS

### A. *Motion to Dismiss Standard*

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must

be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

"In deciding whether a complaint will survive a motion to dismiss, a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). The court may consider such a document, even if it is not attached to the complaint, if the document "was integral to and explicitly relied on in the complaint," and there is no authenticity challenge. *Id*. (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)); *see also Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011) ("In evaluating a motion to dismiss under Rule 12(b)(6), the Court . . . may also 'consider documents attached to . . . the motion to dismiss, so long as they are integral to the complaint and authentic.'") (quoting *Sec'y of State for Def. v. Trimble Navigation Ltd*., 484 F.3d 700, 705 (4th Cir. 2007)). Rule 12(d) states: "If on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

### B.     *Documents Outside the Pleadings*

Both parties have provided documents outside the pleadings for the court's consideration here. Specifically, defendant Kormylo attached to her motion to dismiss a copy of the order from the Honorable Jessica Ann Salvini, then of the Greenville County Family Court, requiring defendant Kormylo complete an emergency investigation on behalf of the Minor (doc. 7-1). The plaintiff attached emails between defendant Kormylo and the

GCSO to his response to the motion to dismiss (doc. 12-1). As set out above, the court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint, at the motion to dismiss stage. Accordingly, the undersigned has considered the plaintiff's emails as the plaintiff referred to these communications in his amended complaint (*see* doc. 5, amend. compl. ¶ 21). Further, as noted above, the undersigned may consider the documents that defendant Kormylo attached to her motion to dismiss if those documents are integral to and explicitly relied on in the plaintiff's complaint and there is no authenticity challenge. The plaintiff has not challenged the authenticity of this document in his response to the motion to dismiss (*see* doc. 12), and the plaintiff relies upon the family court's order for his claim that defendant Kormylo "was a court appointed Guardian ad Litem" (doc. 5, amend. compl. ¶ 3). Therefore, the undersigned has considered the family court's order.

## C.    State Actor

To be successful on a claim under § 1983, a plaintiff must establish two essential elements: 1) that a right secured by the Constitution or laws of the United States was violated, and 2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant Kormylo argues that she is not a state actor who can be sued under § 1983 (doc. 7 at 5–6). In response, the plaintiff argues that "a state appointed guardian of a child is a state actor for purposes of section 1983 claims" (doc. 12 at 4).

It is well-settled that "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012). However, private conduct, no matter how discriminatory or wrongful, is not covered under § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–51 (1999). In distinguishing between state action and private action:

> The judicial obligation is not only to preserv[e] an area of individual freedom by limiting the reach of federal law and avoi[d] the imposition of responsibility on a State for conduct it could not control, but also to assure that constitutional standards are invoked when it can be said that the State is *responsible* for the specific conduct of which the plaintiff complains.

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks and citations omitted). State action may be found to exist "if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotations and citations omitted). "[T]he ultimate resolution of whether an actor was a state actor . . . is a question of law for the court." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 344 n.7 (4th Cir. 2000).

However, "[g]uardians ad litem are not state actors for purposes of § 1983, because they give their 'undivided loyalty to the minor, not the state.'" *Parkell v. South Carolina*, 687 F. Supp. 2d 576, 587 (D.S.C. 2009) (quoting *Meeker v. Kercher*, 782 F.2d 153, 155 (10th Cir.1986)); *see also Campbell v. Bennett*, No. 0:19-cv-0973-JFA-PJG, 2019 WL 4593567, at *2 (D.S.C. Sept. 23, 2019), *aff'd*, 801 F. App'x 144 (4th Cir. 2020) ("Although the public function test and nexus/joint function test can be used to determine whether a private party qualifies as a state actor, it has been established that guardians ad litem are not state actors."). Importantly, "[i]t is of no consequence if, in the exercise of his or her independent judgment on behalf of the minor, the guardian ad litem arrives at a position of advocacy which corresponds with the objectives of the state in the abuse or neglect proceeding." *Meeker*, 782 F.2d at 155. Even if a guardian ad litem committed "fraudulent or conspiratorial acts," such actions cannot be fairly attributed to the state. *Kirtley v. Rainey*, 326 F.3d 1088, 1096 (9th Cir. 2003).

Here, the plaintiff alleges that defendant Kormylo was simultaneously "a court appointed Guardian ad Litem" and "acting under color of state law" (doc. 5, amend. compl.

¶¶ 3, 21). While the plaintiff also produced emails between defendant Kormylo and employees of the GCSO (doc. 12-1), including defendant Anderson, the law is well-established that guardians ad litem are not state actors for purposes of § 1983 claims. *See Grant v. S.C. Dep't of Soc. Servs., CPS*, No. 2:18-cv-1804-RMG-BM, 2019 WL 2093861, at *5 (D.S.C. Feb. 14, 2019), *R&R adopted sub nom. by Grant v. S.C. Dep't of Soc. Servs.*, No. 2:18-cv-1804-RMG, 2019 WL 1110795 (D.S.C. Mar. 11, 2019) ("Defendant . . . is entitled to summary dismissal because, as a guardian ad litem, she is not a state actor under § 1983 for purposes of Plaintiffs' claims."). The plaintiff cites *Thomas S. v. Morrow*, 781 F.2d 367 (4th Cir. 1986), but that case does not involve a guardian ad litem and instead concerns a guardian of a ward of the state. *See Serdah v. Edwards,* No. 7:11-cv-00023, 2011 WL 3849703, at *3 (W.D. Va. Aug. 30, 2011) ("There is no basis to extend the limited holding of *Thomas S.* relating to the guardian of a ward of the state to a guardian *ad litem* whose role is simply to advocate."). The plaintiff provides no analysis and no legal citations supporting his claim that a guardian ad litem is a state actor (*see* doc. 12 at 4). Accordingly, based upon the foregoing, defendant Kormylo is not a state actor for purposes of § 1983 and is subject to summary dismissal.

### III. CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the undersigned recommends that the district court grant defendant Kormylo's motion to dismiss (doc. 7).

IT IS SO RECOMMENDED.

s/Kevin F. McDonald
United States Magistrate Judge

July 16, 2025
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committees note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Room 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).