IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

John J. Mello,                              )        Case No. 6:24-cv-05964-DCC
                                           )
                Plaintiff,                  )
                                           )
v.                                          )                **ORDER**
                                           )
Officer Matthew P. Anderson, Officer        )
Robert Perry, Vanessa H. Kormylo,           )
                                           )
                Defendants.                 )
_____ )

    This matter is before the Court on Defendant Vanessa H. Kormylo's motion to

dismiss.  ECF No. 7.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule

73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin

F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On

July 16, 2025, the Magistrate Judge issued a Report recommending that the motion be

granted.  ECF No. 26.  The Magistrate Judge advised Plaintiff of the procedures and

requirements for filing objections to the Report and the serious consequences if he failed

to do so.  Plaintiff, through counsel, filed objections.  ECF No. 27.

## APPLICABLE LAW

    The Magistrate Judge makes only a recommendation to this Court.  The

recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The

Court is charged with making a de novo determination of any portion of the Report of the

Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference.  Briefly, the portion of this action relevant to the pending motion to dismiss concerns the actions of Defendant Kormylo as the guardian ad litem for Plaintiff's minor child.  Plaintiff contends that Defendant Kormylo instigated his unlawful arrest by communicating with law enforcement when she knew there was no basis for the arrest.  He brings a claim for "malicious prosecution and violation of civil rights 42 U.S.C. § 1983; violation of the 4th and 14th amendment" against Defendant Kormylo.  ECF No. 5 at 7.  The Magistrate Judge determined that Defendant Kormylo was not a state actor and, therefore, cannot be sued under § 1983.  As Plaintiff filed objections, the Court's review has been de novo.[1]  Upon

---

[1] The Court notes that no party has objected to the Magistrate Judge's well-reasoned decision that he could consider certain matters outside the pleadings.  This Court has also considered those documents.

such review, the Court agrees with the Magistrate Judge's recommendation and finds that Defendant Kormylo is not a state actor under § 1983.

In his objections, Plaintiff cites to *Thomas S. v. Morrow*, 781 F.2d 367 (4th Cir. 1986), in support of his argument that a guardian ad litem can be considered a state actor. As explained by the Magistrate Judge, *Thomas S.* is distinguishable and, indeed, many cases have distinguished that case from cases involving more limited guardians ad litem. Significantly, the level of control given to the state appointed guardian over a mentally incompetent ward of the state is not analogous to the authority of a guardian ad litem in a child custody dispute. *See Hancock v. Miller*, No. 2:19-cv-00060, 2020 WL 1493609, at *7 (M.D. Tenn. Mar. 27, 2020), *aff'd*, 852 F. App'x 914 (6th Cir. 2021) ("*Thomas S. v. Morrow*, 781 F.2d 367 (4th Cir. 1986), involved guardianship over a mentally incompetent ward committed to a mental institution, and the decision turned on North Carolina statutes that give the guardian complete custodial authority over all aspects of the ward's life. *Id*. at 377. The court concluded that in those particular circumstances the guardian's authority was a 'right or privilege created by the state.' *Id*."). Accordingly, this objection is overruled.

Plaintiff also attempts to distinguish two cases cited by the Magistrate Judge: *Serdah v. Edwards*, No. 7:11-CV-00023, 2011 WL 3849703 (W.D. Va. Aug. 30, 2011), and *Grant v. S.C. Dep't of Soc. Servs., CPS*, No. CV 2:18-1804-RMG-BM, 2019 WL 2093861 (D.S.C. Feb. 14, 2019), *report adopted sub nom.*, 2019 WL 1110795 (D.S.C. Mar. 11, 2019). With respect to *Serdah*, Plaintiff argues that the court found that the guardian ad litem was immune from suit; however, that court specifically "[found] that either Edwards was not acting under color of state law or, alternatively, that he is

3

absolutely immune from suit for his conduct as guardian *ad litem*." *Serdah*, No. 7:11-CV-00023, 2011 WL 3849703, at *2. As to *Grant*, Plaintiff argues that the court rested its analysis on the issue of immunity. This paints an incomplete picture of the analysis in *Grant*. In his objections, Plaintiff cites to the Magistrate Judge's Report and Recommendation ("Report"). Within the Report, the Magistrate Judge specifically stated that "Defendant Miles is entitled to summary dismissal because, as a guardian ad litem, she is not a state actor under § 1983 for purposes of Plaintiffs' claims. A number of courts have recognized that a child's guardian ad litem is closely analogous to a public defender because the responsibilities are to the child, not the state." *Grant*, No. CV 2:18-1804-RMG-BM, 2019 WL 2093861, at *5. The order ruling on the Report does not mention state action but does note in a footnote that "defendant Miles is entitled to absolute immunity for duties performed within her role as the guardian ad litem . . . ." *Grant v. S.C. Dep't of Soc. Servs.*, No. CV 2:18-1804-RMG, 2019 WL 1110795, at *2 n.2 (D.S.C. Mar. 11, 2019). While Judge Gergel did not specifically mention the state actor portion of the Magistrate Judge's recommendation, he nevertheless adopted the Report. Moreover, even if the relevant portion of the ruling should be considered as dicta, it is instructive and relevant to this case in the absence of contradictory caselaw. Accordingly, this objection is overruled.

Finally, Plaintiff's counsel requests that this Court postpone ruling on the motion to dismiss until counsel's pending motion to withdraw as counsel can be resolved and, if

appropriate, alternate counsel obtained.[2]  The Court declines this request to delay ruling on this matter.  First, based upon the relevant caselaw, it does not appear that any substitute counsel would be able to better argue the merits of the motion to dismiss. Moreover, there is no indication that counsel has in any way failed to represent his client's best interests, and the Court is of the opinion that counsel, who also prepared the response to the motion to dismiss, is in a better position to prepare objections than Plaintiff would be whether proceeding pro se or with a new attorney.  Accordingly, the Court declines to reserve ruling on the motion pending the Magistrate Judge's ruling on the motion to withdraw as counsel.

## **CONCLUSION**

Therefore, upon review the Court adopts the recommendation of the Magistrate Judge.  The motion to dismiss [7] is **GRANTED** and Defendant Kormylo is dismissed from this action with prejudice.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

August 11, 2025
Spartanburg, South Carolina

---

[2] The motion to withdraw as counsel is referred to Magistrate Judge McDonald.